## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Opulus Health LLC, a Minnesota limited liability company, | ) ) ) | Civil Action No. _____( / ) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT FOR** |
| | ) | **TRADEMARK** |
| | ) | **INFRINGEMENT, UNFAIR** |
| | ) | **COMPETITION, TRADEMARK** |
| | ) | **DILUTION, AND DECEPTIVE** |
| | ) | **TRADE PRACTICES** |
| | | |
| | | **JURY TRIAL DEMANDED** |
| | ) | |
| Ogilvie Brands, Inc. d/b/a Love Wellness, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Opulus Health LLC ("Opulus"), through its undersigned attorney, alleges upon personal knowledge, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

This is an action for trademark infringement, unfair competition, and trademark dilution under the federal Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq.; trademark infringement and unfair competition under the common law of Minnesota and all other

states; and deceptive trade practices under the statutory law of Minnesota, Minn. Stat. §§ 325D.43 *et seq*.

## PARTIES, JURISDICTION, AND VENUE

1.      Opulus Health LLC is a Minnesota limited liability company with its principal place of business in Minneapolis.

2.      On information and belief, Defendant Ogilvie Brands, Inc. ("Ogilvie") d/b/a Love Wellness is a Delaware corporation with its principal place of business in New York City, New York. Ogilvie sells women's health products including probiotics, PH balancing cleansers, boric acid suppositories, vaginal health kits, vitamin organizerss.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. §1121, and 28 U.S.C. §§ 1331 and 1338. This Court's jurisdiction over the state law and common law claims arises under 28 U.S.C. § 1338, because those claims are joined with substantial and related claims under federal trademark law, and under 28 U.S.C. § 1367, under this Court's supplemental jurisdiction. This court has subject-matter jurisdiction because the parties are diverse. Plaintiff is a citizen of Minnesota and Defendant is a Delaware corporation with its principal place of business in New York. The amount in controversy exceeds $75,000.

4.      This Court has personal jurisdiction over Ogilvie because Ogilvie maintains continuous and systematic business connections with Minnesota, including without limitation its sale of products in Minnesota stores including Target and Ulta Beauty.

Ogilvie regularly solicits and serves customers in this judicial district including, without limitation, via its operation of an interactive website from which Minnesota residents may and do order goods; and Ogilvie has transacted business in Minnesota involving the FLORA POWER product at issue in this case and from which Opulus' claims arise including, without limitation, advertising FLORA POWER products on its interactive website and in other ways, and shipping those products to customers in Minnesota.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Opulus's claims herein occurred in the District of Minnesota; because Ogilvie is an entity with the capacity to sue and be sued in its common name under applicable law and is subject to this Court's personal jurisdiction with respect to this civil action, and therefore resides in this judicial district. Further, Opulus has been, and continues to be, harmed by Ogilvie's use of its FLORA POWER mark in this district.

## FACTUAL BACKGROUND

### OPULUS HEALTH'S TRADEMARK RIGHTS

6.      Opulus Health is a Minneapolis-based women's health company focusing on vaginal health, selling products that help women maintain a normal vaginal PH balance.

7.      Opulus sells its products under its trademarked FLOWER POWER™ brand:



8.      Opulus Health began selling its products under the FLOWER POWER™ mark and name in November of 2020.

9.      On May 13, 2021, Opulus filed trademark Registration No. 6862388 for the mark "FLOWER POWER" (standard characters) for "Health supplements, namely, vaginal suppositories for use in maintaining vaginal health in the nature of preventing and treating infections, and achieving acidic balance" in International Class 005.

10.     Its registration for the mark is incontestable, pursuant to 15 U.S.C. §§ 1065 and 1115(b), and is thus conclusive evidence of the registration's validity and of the validity of the mark covered by the registration, and of Opulus's ownership of, and exclusive right to use the mark covered by the registration. A current printout of the information from the TSDR electronic database records of the USPTO showing the current status and title of the registration is attached as **Exhibit A**.

11.     The FLOWER POWER™ mark is arbitrary and inherently distinctive as applied to, and as used on an in connection with, the vaginal health products of Opulus.

12.     Opulus extensively advertises and promotes the FLOWER POWER™ products on

the internet, including on Facebook, Twitter, Instagram, and other social media sites and mobile apps, and Opulus has spent substantial amounts of time and money on these advertisements and promotions.

**OGILVIE BRANDS' ACTIVITIES**

13.    Ogilvie is a women's health and wellness brand which, according to its website, specializes in "women's wellness products for the gut, brain, and vagina." Ogilvie was founded in 2016 by former reality television star Lo Bosworth.

14.    Bosworth leverages her notoriety as a former reality television star to market and sell products, including FLORA POWER, on her YouTube channel, which has over 122,000 subscribers, and TikTok channel, which has over 73,000 followers:



15.    On December 21, 2021, notwithstanding Opulus' prior rights, Ogilvie applied for

the mark "FLORA POWER" (standard characters) for "Vaginal probiotic suppositories for maintaining healthy vaginal bacteria and pH levels" in International Class 005 (U.S. Application Serial No. 97185321). See **Exhibit B**.

16.     In its application it affirmed that its basis to use the mark was based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), and not based on a current use of the product.

17.     Ogilvie was represented by an attorney in the trademark application process who works at a firm holding itself out as specializing in trademark law.

18.     Part of the trademark application process requires the trademark applicant to watch a trademark/service mark application video on the importance of conducting a search of existing trademarks or service marks before filing the application.

19.     Part of the trademark application process requires the trademark applicant to affirm that "[t]o the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

20.     Ogilvie was aware that its FLORA POWER mark was a "near resemblance" to an already-existing mark.

21.     Upon information and belief, Ogilvie first announced that it would use the name "FLORA POWER" in commerce associated with its vaginal probiotic product on or around March 21, 2022. See **Exhibit C**.

22.     On information and belief, Ogilvie sells FLORA POWER online at lovewellness.com, Amazon.com, Target.com and Ulta.com, and in-store at Target and Ulta.

23.     FLORA POWER is sold both individually, and in packs as a "Suppository Duo" with other Love Wellness products.

24.     FLORA POWER is the second result that comes up in a Google search for "vaginal suppositories":



25.     Opulus' and Ogilvie's products are the first and second results, respectively, that come up in a Google search for "flower power vaginal suppositories":



26.     Amazon.com sales records show that the product was not sold on Amazon.com until June of 2022.

27.     On April 7, 2022, the USPTO's assigned trademark examining attorney issued a Nonfinal Office Action on Ogilvie's application for "FLORA POWER". See **Exhibit D**. The examining attorney identified a required amendment for the wording of the identification of goods, requiring that Ogilvie's description "Vaginal probiotic suppositories" should be amended to "Vaginal probiotic suppositories for the prevention and treatment of infections".

28.     The examining attorney further identified that Ogilvie should disclaim the wording "FLORA" because it was merely descriptive of an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services.

29.     Further, the examining attorney identified to Ogilvie that Opulus' prior-filed application created a likelihood of confusion with Ogilvie's application and that Ogilvie's application might be suspended pending final disposition of Opulus' earlier-filed

application:

> The filing dates of pending U.S. Application Serial No. 90708738 precedes applicant's filing date. See attached referenced application. If the mark in the referenced application registers, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion with the registered mark. See 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 et seq. Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced application.

30.    Upon information and belief, Ogilvie first began selling the FLORA POWER product on Amazon.com in June of 2022 - after it received notice from the USPTO that its mark could be refused based on likelihood of confusion.

31.    On September 21, 2022, action on Ogilvie's U.S. Application Serial No. 97185321 was suspended pending the disposition of Opulus' U.S. Application Serial No. 90708738.

32.    On October 4, 2022, Opulus' U.S. Application Serial No. 90708738 was registered.

33.    On April 3, 2023, the USPTO issued a Nonfinal Office Action refusing Ogilvie's refused based on likelihood of confusion. See **Exhibit E**.

34.    Notwithstanding Opulus' prior registration nor the determination by the USPTO to reject Ogilvie's trademark application based on likelihood of confusion, Ogilvie persists in selling its infringing FLORA POWER product.

## **CAUSES OF ACTION**

### **COUNT I – TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1)(a)**

35.    Plaintiffs restate the preceding facts and allegations contained in the Complaint and incorporates them by reference as though fully set forth herein.

36.     As a separate cause of action and ground for relief, Opulus alleges that Ogilvie has been and is currently engaged in acts constituting infringement of Opulus' FLOWER POWER<sup>TM</sup> mark within the meaning of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1), through Ogilvie's use of FLORA POWER in commerce in the sale, offering for sale, distribution, or advertisement of goods in a manner that creates a likelihood of confusion, mistake, or deception.

37.     Ogilvie's infringing conduct is causing and is likely to cause injury to the public, and is causing and is likely to cause Opulus to suffer irreparable injury in amounts in excess of $75,000.. Opulus is entitled to damages and injunctive relief pursuant to 15 U.S.C. §§ 1114, 1116, 1117, and 1118.

## COUNT II – TRADEMARK DILUTION
## IN VIOLATION OF 15 U.S.C. § 1125(c)

38.      Plaintiff restates the preceding facts and allegations contained in the Complaint and incorporates them by reference as though fully set forth herein.

39.     As a separate cause of action and ground for relief, Opulus alleges that Ogilvie's use of FLORA POWER and its use and attempted registration of marks that wholly incorporate FLORA POWER is likely to cause dilution by blurring, in violation of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. § 1125(c).

40.     Opulus' FLOWER POWER<sup>TM</sup> mark is famous. It are recognized by the general consuming public of the United States as a designation of source of Opulus' goods and services.

41.     Opulus' FLOWER POWER<sup>TM</sup> mark has been exclusively and extensively used and

promoted throughout the United States for many years.

42.    A substantial volume of goods and services have been sold under Opulus' FLOWER POWER™ mark throughout the United States.

43.    Opulus' FLOWER POWER™ mark enjoys a high degree of actual recognition.

44.    Ogilvie has used FLORA POWER for vaginal health products in commerce without authorization from Opulus.

45.    Ogilvie's application for FLORA POWER, and its unauthorized use in commerce of FLORA POWER, began long after Opulus' FLOWER POWER™ mark became famous.

46.    Ogilvie use of FLORA POWER, and its use and attempted registration of FLORA POWER, is likely to cause an association arising from the similarity between that mark and Opulus' FLOWER POWER™ mark that impairs the distinctiveness of Opulus' FLOWER POWER™ mark.

47.    Ogilvie's FLORA POWER mark and Opulus's FLOWER POWER™ mark are identical and/or highly similar.

48.    Opulus's FLOWER POWER™ mark is highly distinctive.

49.    On information and belief, Ogilvie's intends to create an association between its mark and Opulus's FLOWER POWER™ mark.

50.    Ogilvie's use of FLORA POWER and its use and attempted registration of FLORA POWER creates a likelihood of dilution by blurring within the meaning of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. §1125(c).

51.    Ogilvie's conduct is causing and is likely to cause injury to the public, and is causing

and is likely to cause Opulus to suffer irreparable injury in amounts in excess of $75,000. Opulus is entitled to injunctive relief pursuant 15 U.S.C. § 1125(c).

## COUNT III – UNFAIR COMPETITION BY FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)

52.     Plaintiff restates the preceding facts and allegations contained in the Complaint and incorporates them by reference as though fully set forth herein.

53.     As a separate cause of action and ground for relief, Opulus alleges that Ogilvie, by using FLORA POWER, has caused a likelihood of confusion, deception, and/or mistake as to the affiliation, connection, or association of Ogilvie with Opulus, or as to the origin, sponsorship, or approval of goods or services offered by Ogilvie, or by Opulus, in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

54.     Ogilvie's actions constitute unfair competition by false designation of origin within the meaning of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a), and have caused and are likely to cause injury to the public, and have caused and are likely to cause Opulus to suffer irreparable injury in amounts in excess of $75,000. Opulus is entitled to damages and injunctive relief pursuant 15 U.S.C. §§ 1116, 1117, 1118, 1125.

## COUNT IV – DECEPTIVE TRADE PRACTICES IN VIOLATION OF MINN. STAT. §§ 325D.44

55.     Plaintiff restates the preceding facts and allegations contained in the Complaint and incorporates them by reference as though fully set forth herein.

56.     As a separate cause of action and ground for relief, Opulus alleges that Ogilvie, by using FLORA POWER, causes likelihood of confusion or misunderstanding as to the

source, sponsorship, approval, or certification of goods or services, or causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by Opulus, within the meaning of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43 *et seq.*, and in violation of Minn. Stat. § 325D.44.

57.     Ogilvie's actions constitute willful deceptive trade practices within the meaning of Minn. Stat. §§ 325D.43 et seq. Opulus is likely to be damaged by Ogilvie's actions, and is entitled to an injunction, costs, and attorneys' fees, pursuant to Minn. Stat. 325D.45, in amounts in excess of $75,000.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

a)     Permanently enjoining and restraining Ogilvie and its principals, officers, directors, shareholders, partners, agents, servants, employees, parents, subsidiaries, and affiliates, and all persons acting in active concert or participation with any of them, from:

i)     Using the marks FLORA POWER, or any other mark confusingly similar to, or which is likely to dilute the distinctiveness of, Opulus' FLOWER POWER™ mark, in connection with any goods related to those of Opulus;

ii)     Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake

or deception among members of the public or members of the trade as to the source, sponsorship, affiliation or approval of Ogilvie's goods or services;

b) Directing that Ogilvie, at its own expense, recall and destroy all labels, marketing, promotional, and advertising materials, and edit all websites and social media presences or posting, and all domain names or web page URLs or sub-URLs, that bear or incorporate any mark or design featuring the marks FLORA POWER, or any other mark confusingly similar to Opulus' FLOWER POWER™ Mark;

c) Directing that Ogilvie, at its own expense, expressly abandon its applications for FLORA POWER (Application No. 97185321) or, alternatively, directing the USPTO to refuse said applications;

d) Directing that, within thirty (30) days from the date of the order, Ogilvie will deliver to Opulus' attorneys or representatives an affidavit testifying that all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, advertisements, documents, and electronic media in its possession or under its control bearing the infringing marks have been destroyed;

e) Directing Ogilvie to file with this Court and to serve upon Opulus, within thirty (30) days after issuance of an injunction in this action, a written report, under oath, setting forth in detail the manner in which Ogilvie has complied with the injunction;

f) Awarding Opulus Ogilvie's profits generated in connection with its use of the infringing marks as damages;

g) Awarding Opulus its reasonable attorneys' fees and costs incurred in this action per 15 U.S.C. § 1117(a);

14

h) Awarding Opulus a reasonable royalty moving forward from Ogilvie's use and sale of the infringing product; and

i) Awarding Opulus such other and further relief as this Court deems just and proper.

Date: June 19, 2023                    **GILBERT ALDEN BARBOSA PPLC**

By: /s/ *Charlie R. Alden*
Charlie R. Alden, Reg. No. 0398896
2801 Cliff Rd E., Suite 200
Burnsville, MN 55337
Charlie@GilbertAlden.com
612-418-7374 | Office & Cell

**ATTORNEYS FOR PLAINTIFF**